**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50244 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00269-AG-1 |
| v. | |
| CHARLES M. DAVIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 8, 2016[**]
Pasadena, California

Before: VANASKIE,[***] MURGUIA, and WATFORD, Circuit Judges.

Charles Davis appeals his convictions of wire fraud, mail fraud, and money

laundering under 18 U.S.C. §§ 1341, 1343, 1956, and 1957 in connection with two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

companies that Davis claimed were going to develop products to combat childhood obesity and Type II diabetes. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1.      The district court did not violate Davis's constitutional rights by preventing him from recalling two former company executives during the defense case. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits . . . based on concerns about, among other things, harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant.").  Davis had a reasonable opportunity to cross-examine these two witnesses during the government's case, and Davis has failed to demonstrate what admissible testimony they would have been able to provide had the court allowed him to recall them.  Neither of these witnesses could have laid foundation for the admission of the photos of the company's inventory, so the district court's decision to preclude Davis from recalling them for that reason was not erroneous. In any event, to the extent that Davis believes that the district court erred by excluding the inventory photos evidence, such evidence is of minimal relevance to the fraud charges.  The government never argued at trial that Davis had

misappropriated 100 percent of his companies' funds, only that he diverted a large proportion of the investments he received.

2.     Davis presents for the first time on appeal a declaration by his court-appointed paralegal regarding the whereabouts and availability of the warehouse photos during Davis's trial, and a declaration by the "Custodian of Records of CopyPro," purportedly authenticating the work order for the printing and copying of the photos.

Federal Rule of Appellate Procedure 10(e)(2), which governs the correction or modification of the record, allows the court to "correct[]" or "supplement" the record when "anything material to either party is omitted from or misstated in the record by error or accident." However, this circuit has held that Rule 10(e) is not an appropriate vehicle for expanding the record on appeal with material not considered by the district court in the first instance. *United States v. Bischel*, 61 F.3d 1429, 1436 n.7 (9th Cir. 1995). We decline to depart from our usual rule in this instance because, as noted above, the photos are of little probative value to the issue of whether Davis defrauded investors. Therefore, Davis's motion to expand the record is denied.

3.     We also hold that the district court did not abuse its discretion in accepting an offer of proof in lieu of testimony during the hearing on Davis's

3

motion to dismiss the indictment against him for selective prosecution. The proffered testimony did not establish that the government had failed to prosecute any other corporate executives who were similarly situated to Davis, nor that the government pursued Davis for an impermissible reason. *See United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007) (outlining elements of a selective prosecution claim).

4.      Lastly, we affirm Davis's sentence. The government correctly determined that all of the investors in Davis's companies constituted "victims" and that the amount of loss attributable to Davis's fraud equaled the total amount of their investments. It was a reasonably foreseeable consequence of Davis's fraud that his companies would fail, and that the investors' money would be lost. *See* U.S. Sentencing Guidelines § 2B1.1(b)(2) & cmt. n.3(A)–(C).

**AFFIRMED**.